UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.: 8:18-cr-161-WFJ-CPT

JOSE LEOPOLDO MARTINEZ-
RODRIGUEZ
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Jose Leopoldo Martinez-Rodriguez, USM#: 70323-018, moves, *pro se*, (Dkt. 189) for a reduction in sentence.  Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On September 20, 2018, Jose Leopoldo Martinez-Rodriguez was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. U.S.C.§ 960(b)(1)(B)(ii) for conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. He received the statutory minimum mandatory of 120 months in prison term. Mr. Martinez-Rodriguez's total offense level was initially 33 but was lowered to 27 based on a four-level reduction for a mitigating role and a two-level reduction based on his role as a minor participant. He was assessed no criminal history points, and his criminal history was category I. Mr. Martinez-Rodriguez's

advisory sentencing range was 135 to 168 months.  The Bureau of Prisons online inmate locator shows a release date from BOP custody as of October 24, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Martinez-Rodriguez's term of imprisonment to below the mandatory minimum of ten years in prison.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order.  Dkt. 204.  The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Jose Leopoldo Martinez-Rodriguez because he "was sentenced to the lowest permissible sentence." *Id*.  This Court provided 21 days for any *pro se* filing, but nothing has been filed.  Dkt. 205.

Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not

reduce the mandatory 120-month sentence. This case involved an international marine narcotics smuggling venture aboard a go-fast vessel interdicted in the Eastern Pacific Ocean loaded with a vast amount (1,825 kilograms) of cocaine. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is a Colombian national and will most likely be deported after serving his sentence.

Mr. Martinez-Rodriguez's *pro se* motion (Dkt. 189) for a reduction in sentence is **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on May 27, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**